UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GUY WASHINGTON,  )
  )
    Plaintiff,  )  CASE NO.   C07-862-TSZ-MJB
  )
v.  )
  )
PAT PRESTON,  )  REPORT AND RECOMMENDATION
  )
    Defendant.  )
_____ )

    Plaintiff submitted to this Court for filing a civil rights complaint under 42 U.S.C. § 1983 together with an application to proceed with this action *in forma pauperis*. Plaintiff alleges in his complaint that defendant Pat Preston conspired to violate plaintiff's constitutional rights during sentencing proceedings in plaintiff's King County Superior Court criminal action. Plaintiff asserts that he was sentenced to 120 months confinement, a sentence which was outside the standard range for his offenses, and he assigns responsibility for this exceptional sentence to defendant.[1] Plaintiff names as the lone defendant in this action Pat Preston, the prosecutor in plaintiff's King County Superior Court criminal proceedings.

---

[1] The Court notes that the Washington Court of Appeals, on August 14, 2006, found that plaintiff's exceptional sentence violated his Sixth Amendment right to a jury trial and remanded plaintiff's case for resentencing. *See State v. Washington*, 135 Wn.App. 42 (2006).

REPORT AND RECOMMENDATION
PAGE - 1

The Supreme Court of the United States has held that, in light of common law immunity principles, persons who perform official functions in the judicial process are absolutely immune from liability for damages under 42 U.S.C. § 1983. *Briscoe v. LaHue*, 460 U.S. 325, 334-36 (1983). Prosecutors have specifically been accorded absolute immunity from § 1983 claims for acts done within the scope of their official duties. *Imbler v. Pachtman*, 424 U.S. 409 (1976). "If the prosecutor acts as an advocate 'in initiating a prosecution and in presenting the State's case,' absolute immunity is warranted." *Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 678 (9th Cir. 1984) (quoting *Imbler*, 424 U.S. at 430-431)).

The allegations made by plaintiff against defendant Preston clearly arise out of actions taken by defendant in his role as an advocate for King County. Defendant Preston is therefore immune from liability for damages in this § 1983 action. As the lone defendant in this action is immune from suit, this Court recommends that plaintiff's application to proceed *in forma pauperis* be denied and that this action be terminated. A proposed Order accompanies this Report and Recommendation.

DATED this 22nd day of June, 2007.

MONICA J. BENTON
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 2